445 A.2d 1193

**In re Mary Ellen AXLING, A Minor.**

**Appeal of Bernard and Judity AXLING, Husband and Wife, Together With Anne Axling.**

Supreme Court of Pennsylvania.

Argued April 21, 1982.

Decided May 26, 1982.

226

Marcel L. Groen, Ronald Smolow, Bensalem, for appellant.

Thomas B. Rutter, Mary B. Stein, Philadelphia, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

PER CURIAM:

On May 5, 1980 the Court of Common Pleas of Schuylkill County, Orphans Court Division, dismissed appellants' exceptions to its Decree of July 23, 1979, awarding the care, custody and control of Mary Ellen Axling, a minor child, to William and Mary Terrill and declaring them to be the guardians of her person. This appeal followed.

■ For the reasons set forth in the Opinion of the lower court, we affirm the Decree declaring the Terrills to be guardians of the minor's person and awarding them custody. However, appellants also excepted to the lower court's failure to specify a visitation schedule for appellants. The lower court concluded that visitation with appellants was in the minor's best interest but decided that a formal visitation schedule was unnecessary. The Opinion of the trial court said that it intended to give the parties an

opportunity to arrange for reasonable and flexible family visits but, if the parties were unable to agree, it would consider a formal petition for visitation. Since appellants now express some dissatisfaction with the visitation arrangement the parties have been able to work out, a visitation order would be appropriate, if requested by appellants. If such a request is made, the lower court should deal with it expeditiously.

The extent of any such visitation order is to be determined by the lower court, in its sound discretion, but consistent with the minor's best interests. We note in this connection that the lower court has already determined that the minor's best interests will be served by an opportunity to maintain a relationship with both appellants' and appellees' branches of her family. Thus, any such order must be adequate to reasonably assure the child's continued contact with appellant's branch of the family without causing a serious unsettling effect on the minor child.

Accordingly, the Decree of the Orphans Court Division of the Court of Common Pleas of Schuylkill County designating appellees guardians of the minor's person and awarding them custody is affirmed and the matter is remanded to that court for further proceedings on visitation consistent with this Opinion.